UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Agnes Macua

    v.                                                                                             Civil No. 22-cv-186-LM
                                                                                            Opinion No. 2022 DNH 154 P

State of New Hampshire, et al.

**O R D E R**

        Plaintiff Agnes Macua filed a complaint, pro se, in late May 2022.  Her complaint identifies four defendants: the State of New Hampshire, Empire Beauty School, Piconics, Inc., and Linbar Property Management.  Macua's complaint is difficult to decipher and contains limited background or contextual information.  The State, Linbar Property Management, and Piconics, Inc., moved to dismiss (doc. nos. 3, 5, 21).  Macua objected after the court provided her additional time.  For the following reasons, the court grants the State's motion to dismiss with prejudice.  The court also grants Linbar's and Piconics's motions to dismiss, but without prejudice and directs Macua—to the extent she wants to pursue these claims—to file an amended complaint on or before **February 15, 2022**.  Such amended complaint must clarify (1) her allegations and claims and (2) the jurisdictional basis to bring her complaint in federal court.

## Background

        The complaint appears to relate to a series of events in February and March 2022.  As to Piconics, Macua appears to allege that she was fired from her

employment with Piconics as a result of discrimination, though Macua does not indicate the type of alleged discrimination or precise time period. Macua also states that Piconics "violated federal law by engaging in the business of selling obscene matter." Doc. no. 1 ¶ 1. Macua does not identify what federal law she alleges Piconics violated, and it is unclear from the face of the complaint what federal law, if any, is implicated by Macua's allegations.

Macua further alleges that, in late February, defendant Empire Beauty School retaliated against her for filing a complaint with "the Boards," which led to Macua's removal from Empire's educational program. Id. ¶ 2. Macua refers to a breach of contract that forced her "out of the school after the students indirectly violated" Macua's "privacy both at [her] home and other places." Id. Macua seems to fault the State and the Nashua Police Department for refusing to investigate Empire and Piconics. See id. ¶ 3.

Around the same time, someone from the Nashua Police Department and Linbar Property Management arrested Macua at her apartment complex in Nashua. Id. Macua states that she has been harassed by a person named Laura Stockhausen, whom Macua alleges acted as an agent for Linbar and the Nashua Police Department. Macua does not say whether Stockhausen was employed by Linbar and the Nashua Police Department or both.[1] Macua alleges that this harassment has caused her physical harm and emotional distress.

---

[1] Stockhausen was not named or served as a defendant in this suit.

On March 5, Macua was "placed under psychiatric observation" on an involuntary emergency petition under RSA 135-C.  See id.  She asserts that an elementary school teacher and principal deprived Macua of involvement with her child's education.  She states that the Nashua Police Department,[2] Piconics, Empire Beauty, and Linbar Property caused a violation of her joint custody.  Macua also references a false accusation in February 2020 and a contempt hearing in August 2021, and she says that the state "has been inconsistent with the dealings of the above matters due to negligence and failure of duty."  Id. ¶ 4.  It is unclear what was involved in those matters or how they relate to the other issues raised in Macua's complaint.

Empire Beauty School answered the complaint, pro se.  The court directed Empire, a corporation, to appear via counsel, and Empire complied on August 25.[3]  The State, Linbar Property, and Piconics filed motions to dismiss.

## Discussion

In their motions to dismiss, the State, Linbar, and Piconics all observe that the complaint is generally incomprehensible.  Piconics and Linbar argue that dismissal is justified because they cannot discern any causes of action against them.  Piconics also contends that the court lacks diversity jurisdiction.  The State argues that Macua's claims against it are barred by the Eleventh Amendment.

---

[2] Neither Nashua nor any individual employed by Nashua has been named and served as defendants in this suit.

[3] Empire Beauty School stated that it planned to file a motion for judgment on the pleadings, but never did so.  Doc. no. 9 at 6.

I. <u>Sovereign Immunity</u>

The Eleventh Amendment prohibits individuals from bringing claims against states in federal court.  See Davidson v. Howe, 749 F.3d 21, 27-28 (1st Cir. 2014) (citing Edelman v. Jordan, 415 U.S. 651, 663 (1974)).  In her objection, Macua contends that the Eleventh Amendment's text only makes a state immune from suit when it is sued by a citizen of another state or a foreign country.  The Supreme Court, however, has long held that federal courts cannot entertain suits brought by a citizen against her own state based on the principle of sovereign immunity—a principle that the Eleventh Amendment confirms rather than undermines.  See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98 (1984) (citing Hans v. Louisiana, 134 U.S. 1 (1890)).  Therefore, "despite the limited terms of the Eleventh Amendment," "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state." Id. at 98, 100 (quoting Employees v. Missouri Public Health & Welfare Dep't, 411 U.S. 279, 280 (1973)).  Macua's claims against the State are dismissed, with prejudice, for that reason.

II. <u>Remaining Claims</u>

Defendants Linbar and Piconics also move to dismiss the claims against them because they are too incoherent to fashion a response.  Federal Rule of Civil Procedure 8(a) requires a pleading that states a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  "The purpose of the Rule 8(a) pleading standard 'is to give a

defendant fair notice of the claim and its basis as well as to provide an opportunity for a cogent answer and defense.'" Briand v. Town of Conway, 561 F. Supp. 3d 188, 194 (D.N.H. 2021) (quoting Belanger v. BNY Mellon Asset Mgmt., LLC, 307 F.R.D. 55, 57 (D. Mass. 2015)). The court has "broad discretion" to dismiss complaints that do not comply with Rule 8(a). Id.

     The court provides pro se litigants' submissions a liberal construction—but "[e]ven a pro se complainant is required to describe the essential nature of the claim and to identify the core facts on which it rests." Lattimore v. Polaroid Corp., 99 F.3d 456, 464 (1st Cir. 1996); see also Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Dismissal of a complaint under Rule 8(a) is warranted only if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised," such that it would be "unreasonable to expect defendants to frame a response to it." Sayied v. White, 89 Fed. Appx. 284, 2004 WL 489060, at *1 (1st Cir. 2004) (internal quotation marks omitted) (quoting Salahuddin v. Cuomo, 861 F.2d 40, 42 (2nd Cir. 1988)). In lieu of dismissal under Rule 8(a), the court may require a pro se plaintiff to file an amended complaint, particularly when the defendants are unable to discern the legal foundation of the claims. See Silvia v. Raimondo, No. 17-310-JJM-LDA, 2017 WL 11477124, at *1-*2 (D.R.I. Sept. 29, 2017) (observing that the failure to designate the statute or provision of law violated does not, on its own, make a complaint defective, but nonetheless requiring plaintiff to file amended complaint when complaint was "too

vague" to allow defendant to respond and court was "left to guess at the legal foundation" for plaintiff's claims).

As presently written, Macua's complaint is too vague for the remaining defendants and the court to reasonably address. It is not possible to tell with any certainty what claims or wrongdoing Macua seeks to allege against any particular defendant. In short, none of the defendants has "fair notice" of the claims against them, and they cannot be expected to provide a cogent answer or defense as a result.

At the same time, the complaint suggests some conduct from which causes of action might be reasonably identified if more specificity were provided. Because Macua proceeds pro se, the court will provide her an opportunity to amend her complaint to clarify the allegations she wishes to make. For example, Macua references a potential discriminatory termination, wrongful arrest, and retaliatory behavior. Macua also appears to allege additional facts in her objections to defendants' motions to dismiss. Any facts that Macua wishes the court to consider in evaluating her allegations must be included in any amended complaint.

III. <u>The court lacks diversity jurisdiction but may have federal question jurisdiction</u>

Aside from the complaint's general incoherence, it is unclear whether this court has jurisdiction to hear Macua's claims. Therefore, any amended complaint must also clarify the basis of the court's jurisdiction. In her complaint, Macua indicates that the court has subject matter jurisdiction through the parties' diversity of citizenship. See 28 U.S.C. § 1332. However, Macua states that she is a

New Hampshire citizen, and at least one defendant, Empire Beauty School, is also a New Hampshire citizen. Accordingly, the court does not have diversity jurisdiction over this action. See id.

In the absence of diversity jurisdiction, however, federal courts can have jurisdiction if a complaint raises a question of federal law. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Macua states in her complaint that her "case brings a [g]enuine issue of law that concerns the U.S. Constitution[] . . ." and Macua then appears to reference the Fourth Amendment. Doc. no. 1 at 2 ("Plaintiff questions the federal law right to be secure in my own home and not to be violated. Also under color of law misconduct by the Nashua Police Department on intentional force arrest."). Macua also references employment discrimination, an issue which federal statutes may cover in some respects. These assertions suggest that the court may have federal question jurisdiction. To aid the court in determining whether it has federal question jurisdiction, Macua shall clarify in any amended complaint what, if any, federal laws or United States constitutional provisions she claims were violated by the three remaining defendants, Linbar, Piconics, and Empire Beauty School.

## Conclusion

Defendants' motions to dismiss (doc. nos. 3, 5, and 21) are granted. The State of New Hampshire is dismissed with prejudice. Macua's complaint is otherwise dismissed without prejudice for lack of subject matter jurisdiction and for failure to

meet the requirements of Rule 8(a), as discussed above. To the extent Macua wants to pursue these claims against the other defendants, Macua shall file an amended complaint clarifying her allegations as directed above on or before **February 15, 2023**.

    SO ORDERED.

                                        _____
                                        Landya McCafferty
                                        United States District Judge

December 14, 2022

cc:  Agnes Macua, pro se
      Counsel of Record