**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Agnes Macua

     v.                             Case No. 22-cv-186-LM

Empire Beauty School,
Piconics, Inc., and
Linbar Property Management

**REPORT AND RECOMMENDATION**

Pro se plaintiff Agnes Macua filed an amended complaint (Doc. No. 28) against defendants Empire Beauty School, Piconics, Inc., and Linbar Property Management ("Linbar").[1]  As to Linbar, Ms. Macua appears to allege violations of her Fourth Amendment constitutional rights, as well as state law tort claims for intentional infliction of emotional distress, defamation, and false light invasion of privacy.  Linbar moves to dismiss (Doc. No. 26) under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1).  Ms. Macua objects (Doc. No. 33).

Linbar's motion to dismiss is before the court for a recommendation as to disposition.  See Order, June 13, 2023. For reasons explained below, Ms. Macua fails to state a federal claim for relief against Linbar, and therefore, the court recommends that the district judge grant Linbar's motion as to

---

[1]On December 14, 2022, the court issued an order (Doc. No. 25) granting defendants' motions to dismiss and directing Ms. Macua to file an amended complaint.

that claim.  Regarding Ms. Macua's state law claims, Linbar
seeks dismissal of those claims solely based on this court's
lack of diversity jurisdiction.  At this juncture, however, the
court discerns no basis to decline to exercise supplemental
jurisdiction over Ms. Macua's state law claims.  Accordingly,
the court recommends that the district judge deny Linbar's
motion as to Ms. Macua's state law claims.

<u>**Applicable Legal Standards**</u>

**I.    Rule 12(b)(6)**

When ruling on a motion to dismiss under Rule 12(b)(6), the
court must "accept as true all well-pleaded facts set out in the
complaint and indulge all reasonable inferences in favor of the
pleader." SEC v. Tambone, 597 F.3d 436, 441 (1st Cir. 2010).
Although the complaint need only contain "a short and plain
statement of the claim showing that the pleader is entitled to
relief," Fed. R. Civ. P. 8(a)(2), it must allege each of the
essential elements of a viable cause of action and "contain
sufficient factual matter, accepted as true, to state a claim to
relief that is plausible on its face," Ashcroft v. Iqbal, 556
U.S. 662, 678 (2009) (citation and internal punctuation
omitted).

Because Ms. Macua is proceeding pro se, the court construes
her amended complaint liberally.  See Erickson v. Pardus, 551
U.S. 89, 94 (2007) (per curiam) (internal citations omitted) ("a

pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers"). Pro se status, however, "does not insulate a party from complying with procedural and substantive law. Even under a liberal construction, the complaint must adequately allege the elements of a claim with the requisite supporting facts." Chiras v. Associated Credit Servs., Inc., No. 12-10871-TSH, 2012 WL 3025093, at *1 n.1 (D. Mass. July 23, 2012) (quoting Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997) (internal citation and quotation marks omitted)).

## II.   Rule 12(b)(1)

The party invoking a federal court's limited jurisdiction carries the initial burden of proving that jurisdiction exists. See Mangual v. Rotger-Sabat, 317 F.3d 45, 56 (1st Cir. 2003); Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995). In determining whether this burden has been met at the motion-to-dismiss stage, the court accepts as true all well-pled factual assertions in the plaintiff's complaint and construes all reasonable inferences therefrom in the plaintiff's favor. Katz v. Pershing, LLC, 672 F.3d 64, 70 (1st Cir. 2012). Because the plaintiff is proceeding without an attorney, the court also construes his pleadings and filings liberally. See Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). The court, however, is not bound solely by the allegations in the pleadings

and may consider certain outside materials to determine whether
it has subject matter jurisdiction to consider a case.  See
Gonzalez v. United States, 284 F.3d 281, 288 (1st Cir. 2002).

### Background

Linbar was Ms. Macua's apartment rental company.  Am.
Compl. (Doc. No. 28, ¶ 31).  According to Ms. Macua, Linbar
entered her property on two occasions to fix a leaking shower
when she was not present.  Id. ¶ 32.  Ms. Macua claims that
during these visits Linbar gained access to her "personal life,"
invaded her privacy, spied on her, and gathered false
information about her.  Id. ¶¶ 31, 33.  Ms. Macua suggests that
Linbar disseminated private and false information about her, and
that this information was also used by her employer, Piconics,
to harass her.  See id. ¶¶ 20, 30-34, 51, 53.  In particular,
Ms. Macua claims that on February 28, 2022, she was "ambushed"
by Piconics employees, as well as Empire Beauty School students
and staff, when they exposed her private information through a
livestream video on Facebook at her place of work.  Id. ¶¶ 20,
22.  Ms. Macua claims her private information was "gained and
gathered" without her awareness, and ultimately led to Piconics
terminating her employment on March 1, 2022.  Id. ¶¶ 23-24, 28,
30.

Following the incident with Piconics, Ms. Macua claims that
Linbar and its employees began contacting the Nashua Police

Department regarding Ms. Macua and threatening to evict her despite her advance payment of rent.  Id. ¶ 34.  On March 5, 2022, Ms. Macua was placed under arrest by the Nashua Police Department after the Department was called by two Linbar employees and two other individuals to come to Ms. Macua's residence.  Id. ¶ 35.  Ms. Macua claims that she was injured during the arrest, hospitalized following the arrest, and eventually lost custody of her child.  Id. ¶¶ 36-39.

## Discussion

Liberally construed, Ms. Macua's amended complaint asserts claims against Linbar under 42 U.S.C. § 1983, as well as supplemental state law claims under New Hampshire common law, including intentional infliction of emotional distress, defamation, and false light invasion of privacy.  Linbar moves to dismiss Ms. Macua's amended complaint and argues that: (1) Ms. Macua fails to state a claim for relief under federal law; and (2) she fails to establish the court's diversity jurisdiction to resolve plausible claims arising under state law.  In response, Ms. Macua reiterates the allegations contained in her amended complaint.

### I.   Section 1983

Section 1983 provides a cause of action for the deprivation of a federally secured right by a person "acting under the color of state law."  Doucette v. Georgetown Pub. Sch., 936 F.3d 16,

23 (1st Cir. 2019).  Thus, an essential element of a Section 1983 claim is that the defendant acts under the color of state law such that its actions are "fairly attributable to the State." Estades-Negroni v. CPC Hosp. San Juan Capestrano, 412 F.3d 1, 4 (1st Cir. 2005) (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982)).

Section 1983 does not provide a cause of action for purely private conduct that allegedly impacts a plaintiff's federal constitutional rights, and with certain exceptions, private actors generally cannot be held liable for violations of an individual's federal constitutional rights.  See Georgia v. McCollum, 505 U.S. 42, 53 (1992) (citing Polk Cty. v. Dodson, 454 U.S. 312 (1981)); see also Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 296-97 (2001) (collecting cases on various circumstances in which an ostensibly private actor has been treated as a state actor for purposes of Section 1983).  One such exception giving rise to a private party's liability occurs when that party conspires with state actors.  See McGillicuddy v. Clements, 746 F.2d 76, 77 (1st Cir. 1984).  For this exception to apply, a plaintiff must plead "the relationship or nature of cooperation between the state and a private individual . . . in some detail."  Id. (quotation omitted).

Linbar argues that Ms. Macua fails to allege any basis for Linbar, as a private entity, to be treated as a state actor. The court agrees.  The allegations regarding Linbar's entry into Ms. Macua's home refer only to Linbar and make no reference to any state actor.  Am. Compl. (Doc. No. 28, ¶ 32).  The only reasonable inference to draw from Ms. Macua's allegations is that Linbar acted alone and in its capacity as a private entity. While Ms. Macua alleges that Linbar called the Nashua Police Department to her residence on a separate occasion and that two of Linbar's employees were present when Ms. Macua was arrested at her home, see id. ¶¶ 34-35, such allegations fail to suggest any relationship or nature of cooperation between Linbar and the Nashua Police Department in connection with a violation of Ms. Macua's constitutional rights.  See Office of Public Guardian v. Elliot Hosp., 630 F. Supp. 3d 345, 353 (D.N.H. 2022) ("A private party does not become a state actor merely because he wants the state to act against the plaintiff, even if he initiates or encourages the state to take action that harmed the plaintiff by, for example, filing a police report.").  Accordingly, where Linbar engaged in purely private conduct, it is not a state actor, and therefore, it cannot be held liable under Section 1983.  For these reasons, Ms. Macua's Section 1983 claim against Linbar should be dismissed for failure to state a claim.

II.   **Subject Matter Jurisdiction**

Because the federal courts are courts of limited jurisdiction, see Commonwealth Sch., Inc. v. Commonwealth Acad. Holdings LLC, 994 F.3d 77, 84 (1st Cir. 2021), when the presence of federal causes of action is the sole basis for the court's exercise of subject matter jurisdiction, it is generally appropriate to dismiss state law claims for lack of jurisdiction following dismissal of all federal claims.  See 28 U.S.C. § 1367(c)(3) ("[t]he district courts may decline to exercise supplemental jurisdiction over a [state law] claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction"); Lares Grp., II v. Tobin, 221 F.3d 41, 45 (1st Cir. 2000); see also, Carnegie-Mellon Univ. v Cohill, 484 U.S. 343, 350 n.7 (1988); Dispensa v. Nat'l Conf. of Cath. Bishops, No. 19-CV-556-LM, 2020 WL 2573013, at *12 (D.N.H. May 21, 2020).

Linbar argues that this court should dismiss Ms. Macua's state law claims against it because her federal claim fails and this court lacks diversity jurisdiction.  Ms. Macua, however, has pending federal claims in this action against Linbar's co-defendants, Piconics and Empire Beauty School.  See Am. Compl. (Doc. No. 28, ¶¶ 44-48, 56-62).  While Empire Beauty School filed a motion to dismiss on June 29, 2023 (Doc. No. 34), which remains pending, Piconics filed an answer (Doc. No. 29) to Ms.

Macua's amended complaint.  Accordingly, at this juncture, the
court retains original jurisdiction over Ms. Macua's federal
claims against Piconics brought under Title VII and her federal
claims against Empire Beauty School brought under Title VI,
pursuant to 28 U.S.C. § 1331.

Where the court has original jurisdiction, it also has
"supplemental jurisdiction over all other claims that are so
related to claims in the action within such original
jurisdiction that they form part of the same case or controversy
under Article III of the United States Constitution."  28 U.S.C.
§ 1367(a).  "Such supplemental jurisdiction shall include claims
that involve the joinder or intervention of additional parties."
Id.  It also includes state law claims against one defendant,
even when the federal claims giving rise to original
jurisdiction remain against only other defendants.  Johnson v.
City of Biddeford, No. 2:17-cv-00264-JDL, 2018 WL 1173428, at *4
(D. Me. Mar. 6, 2018); Audette v. Carrillo, No. 15-cv-13280-ADB,
2017 WL 1025668, at *2-3 (D. Mass. Mar. 16, 2017).  "To satisfy
this standard, claims must derive from a common nucleus of
operative fact with the claim satisfying original jurisdiction."
Sevelitte v. Guardian Life Ins. Co. of America, 55 F.4th 71, 86
(1st Cir. 2022).

District courts may decline to exercise supplemental
jurisdiction over a claim if:

(1) the claim raises a novel or complex issue of State
law,

(2) the claim substantially predominates over the
claim or claims over which the district court has
original jurisdiction,

(3) the district court has dismissed all claims over
which it has original jurisdiction, or

(4) in exceptional circumstances, there are other
compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

Linbar has neither raised the issue of whether this court
retains supplemental jurisdiction nor specified an enumerated
ground for the court to decline supplemental jurisdiction.
Drawing all reasonable inferences in favor of Ms. Macua, Katz,
672 F.3d at 70, her federal claims of discrimination and
harassment against Piconics appear to derive from the common
nucleus of operative fact for which she brings state law claims
against Linbar.  Specifically, Ms. Macua alleges that Linbar
gained access to her home in her absence, acquired information
about her personal life, and disseminated that private
information, as well as other false information.  Am. Compl.
(Doc. No. 28, ¶¶ 30-34, 49-55).  Piconics allegedly further
disseminated that information and used that information in
connection with its harassment of Ms. Macua.  See id. ¶¶ 20-28,
30-34, 49-55.  Accordingly, at this juncture, the court finds
that Ms. Macua's state law claims against Linbar are part of the

same case and controversy that gives rise to her federal claims against Piconics such that the exercise of supplemental jurisdiction is proper absent grounds to decline the exercise of supplemental jurisdiction.

It is not apparent from the record before the court that any of the grounds to decline to exercise supplemental jurisdiction are applicable.  The court is mindful of its "obligation to inquire sua sponte into its own subject matter jurisdiction." McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004).  Under the present circumstances, however, the court discerns no basis to decline to exercise supplemental jurisdiction.  Accordingly, Linbar's motion should be denied as to its request to dismiss Ms. Macua's state law claims based on lack of diversity jurisdiction.

## Conclusion

For the foregoing reasons, the district judge should grant in part and deny in part Linbar's motion to dismiss (Doc. No. 26).  Ms. Macua's federal claim against Linbar should be dismissed for failure to state a claim.  The court, however, retains supplemental jurisdiction over Ms. Macua's state law claims.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Only those issues raised in the

objection(s) to this Report and Recommendation are subject to review in the district court.  See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).  Any issues not preserved by such objection(s) are precluded on appeal. See id.  Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

Andrea K. Johnstone
United States Magistrate Judge

August 4, 2023

cc:  Agnes Macua, pro se
     Counsel of Record