UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Agnes Macua

   v.                              Civil No. 22-cv-186-LM

Empire Beauty School;
Piconics, Inc.; and
Linbar Property Management

**REPORT AND RECOMMENDATION**

Motions to dismiss filed by Piconics, Inc. ("Piconics") (Doc. No. 46) and Linbar Property Management ("Linbar") (Doc. No. 45) are before the court for a recommendation as to disposition. Piconics and Linbar seek dismissal of pro se plaintiff Agnes Macua's remaining claims without prejudice under Federal Rule of Civil Procedure 41(b)[1] for failure to prosecute based on her continued noncompliance with this court's orders and her failure to meet discovery obligations. Ms. Macua filed no objection. As explained below, the court recommends that the district judge grant both motions and dismiss Ms. Macua's remaining claims without prejudice.

---

[1] Linbar also argues that dismissal is an appropriate sanction under Federal Rule of Civil Procedure 37. Because the court finds the defendants' Rule 41(b) argument is meritorious and dispositive, the court declines to reach the Rule 37 argument.

**Background**

On February 13, 2023, Ms. Macua filed an amended complaint (Doc. No. 28) against defendants Empire Beauty School ("Empire"), Piconics, and Linbar. Linbar and Empire filed motions to dismiss (Doc. Nos. 26, 34). Following the resolution of those motions, Ms. Macua's remaining claims in this action are her state law claims against Linbar and her Title VII and wrongful discharge claims against Piconics.

On March 27, 2024, Linbar and Piconics requested a status conference with the court, citing Ms. Macua's failure to serve her initial disclosures or respond to discovery requests. See Status Report (Doc. No. 42). Accordingly, the court held a case management conference on April 3, 2024. During the conference all parties were present and agreed that: (1) Ms. Macua would provide her initial disclosures to defendants on or before April 10, 2024; (2) Ms. Macua would respond to defendants' discovery requests and serve her own written discovery requests on or before May 3, 2024; (3) all deadlines in the case would be stayed; and (4) the court would hold a case management conference on May 6, 2024 to address the status of discovery and reset case deadlines. See Order (Doc. No. 43).

All parties appeared at the May 6, 2024 discovery status conference. During the conference, Linbar and Piconics represented that Ms. Macua provided part of her initial

2

disclosures but did not include a computation of each category of damages claimed as required by Federal Rule of Civil Procedure 26(a)(1)(A). Further, while Ms. Macua provided responses to defendants' requests for production of documents, she provided no answers to defendants' interrogatories. At the status conference, Ms. Macua acknowledged her partial compliance with the court's order and represented that she did not wish to move forward with her case. The court offered to provide Ms. Macua with additional time to comply with the court's April 3, 2024 order and her discovery obligations under the Federal Rules of Civil Procedure, but she rejected this offer.

Nevertheless, the court granted Ms. Macua an extension of time to comply with the court's order given her pro se status and her previous efforts to prosecute the case. In its May 7, 2024 order, the court directed Ms. Macua to do the following on or before May 20, 2024: (1) supplement her initial disclosures to include a computation of each category of damages claimed and documents or other evidentiary material on which each computation is based; and (2) provide answers to defendants' interrogatories. See Order (Doc. No. 44). The court also informed Ms. Macua that she could seek a temporary stay of this matter if there were extenuating circumstances preventing her from prosecuting her case. Id. Further, the court warned Ms. Macua that her failure to comply with the May 7, 2024 order

3

could result in sanctions, including a recommendation that the district judge dismiss the case without prejudice for failure to prosecute.  Id.

On May 24, 2024, Linbar filed a motion to dismiss (Doc. No. 45), seeking to dismiss Ms. Macua's claims against it under Rule 41(b) based on her failure to prosecute.  Linbar represented that Ms. Macua had not complied with the court's orders and that despite efforts to contact her by email and mail on May 22, 2024 regarding her noncompliance, she provided no response.  See Decl. of Jonathan M. Shirley ("Shirley Decl.") (Doc. No. 45-1) ¶¶ 13-16.

On June 7, 2024, Piconics also filed a motion to dismiss (Doc. No. 46) under Rule 41(b) based on Ms. Macua's failure to prosecute.  Piconics represented that it sent an email to Ms. Macua on May 22, 2024 and also a letter via email and overnight Federal Express on June 5, 2024 regarding her noncompliance with the court's orders but received no response.  Aff. of Tavish M. Brown ("Brown Aff.") (Doc. No. 48) ¶¶ 8-11.  Ms. Macua filed no objection to either motion.

## Discussion

I.  Legal Standard

"'A district court, as part of its inherent power to manage its own docket, may dismiss a case for any of the reasons prescribed in [Rule] 41(b).'"  Vivaldi Servicios de Seguridad,

4

Inc. v. Maiso Grp., Corp., 93 F.4th 27, 30 (1st Cir. 2024) (citation omitted); see also Torres-Álamo v. Puerto Rico, 502 F.3d 20, 25 (1st Cir. 2007). Rule 41(b) provides that if "the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).

"However, dismissal under Rule 41(b) as a sanction is warranted 'only when a plaintiff's misconduct has been extreme' or contumacious. . . . [D]ismissal should not be viewed either as a sanction of first resort or as an automatic penalty for every failure to abide by a court order." Vivaldi Servicios, 93 F.4th at 30 (citations omitted). In balancing the interests of managing its docket with "'the larger concerns of justice, including the strong presumption in favor of deciding cases on the merits,'" id. at 31 (citation omitted), the court should consider "'the severity of the violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness vel non of the misconduct, mitigating excuses, prejudice to the other side and to the operations of the court, and the adequacy of lesser sanctions.'" Malot v. Dorado Beach Cottages Assocs., 478 F.3d 40, 44 (1st Cir. 2007) (quoting Benítez-García v. González-Vega, 468 F.3d 1, 5 (1st Cir. 2006))

## II. Analysis

During the May 6, 2024 conference, Ms. Macua expressly represented to the court that she no longer wished to prosecute this case. Although Ms. Macua appeared at scheduled hearings, she has not complied with the court's April 3, 2024 and May 7, 2024 orders. Further, during the May 6, 2024 conference and in its May 7, 2024 order, the court warned Ms. Macua that failure to comply with the court's orders or failure to seek an alternative to dismissal, such as a stay, could result in sanctions, including a recommendation that the district judge dismiss the case without prejudice for failure to prosecute. Given Ms. Macua's noncompliance with this court's orders after notice and an opportunity to be heard, coupled with her express representation that she no longer wished to proceed with her case, the district judge should dismiss the case without prejudice under Rule 41(b) for failure to prosecute.

## Conclusion

For the foregoing reasons, the district judge should grant Linbar's motion to dismiss (Doc. No. 45) and Piconic's motion to dismiss (Doc. No. 46). Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the objection(s) to this Report and Recommendation are subject

to review in the district court.  See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).  Any issues not preserved by such objection(s) are precluded on appeal. See id.  Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

September 5, 2024

cc:   Agnes Macua, pro se
      Counsel of Record